UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    06 CV 2481 (NG) (LB)
CARRIE L. CHANDLER PENA,

                             **Plaintiff,**

    -against-                                                                ORDER

UNITED STATES DEPARTMENT OF
PROBATION,

                             **Defendant.**
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

In this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which is part of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706, 1305, 3105, 3344, 4301, 5335, 5372, and 7521, *pro se* plaintiff Carrie L. Chandler Pena asks the court to direct the United States Probation Department for the Eastern District of New York (the "Probation Department") to disclose her probation record. According to the complaint, by letter dated September 2, 2005, plaintiff, citing FOIA, requested that the Probation Department allow her to inspect and photocopy her complete probation record. The request was denied by letter dated November 21, 2005. A subsequent request was denied by letter dated December 23, 2005. The Probation Department moves to dismiss the action on the ground that the court lacks subject matter jurisdiction to adjudicate it.

Under FOIA, subject matter jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records; only when each of these criteria is met may a court compel an agency to comply with FOIA's disclosure obligations. *United States Department of*

*Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999). The Probation Department, an administrative unit of the judiciary, is not subject to the disclosure obligations of FOIA. *See* 5 U.S.C. § 551(1)(B) (defining agency as "each authority of the Government of the United States . . . [but not] the courts of the United States"); *In re Fidelity Mortgage Investors*, 690 F.2d 35, 38 (2d Cir. 1982) ("[I]t is clear that Congress intended the entire judicial branch of the Government to be excluded from the provisions of the Administrative Procedure Act.") Thus, plaintiff's probation record is not an "agency record" within the meaning of the statute and the Probation Department did not act "improperly" in withholding it.

Plaintiff's reliance on *United States Department of Justice v. Julian*, 486 U.S. 1 (1988), is misplaced because the records at issue in that case were not in the custody of a probation department.

In light of the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

                                      **SO ORDERED.**

                                      /S/
                                   **NINA GERSHON**
                                   **United States District Judge**

Dated: Brooklyn, New York
       September 28, 2006